IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES McCONICO, JR.,           :

    Petitioner,             :

v.                             :
                           CIVIL ACTION 09-0322-CG-M
GRANTT CULLIVER,               :

    Respondent.             :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed.

Petitioner was most recently convicted of murder in the Circuit Court of Jefferson County in June 1999 for which he received a sentence of life in the state penitentiary (Doc. 1, p. 3).[1]  McConico filed a complaint with the U.S. District Court for the Middle District of Alabama on May 13, 2009; that action was transferred to this Court (Doc. 1, pp. 25-27, 32).  On June 22,

---

[1] Petitioner also references a trafficking conviction in Conecuh County in 1996 for which he also received a life sentence (*see* Doc. 8, p. 2).

2009, Petitioner filed another Complaint, on this Court's form, asserting the single claim that his "8th Amendment is being violated by the Respondent as he has failed, refused to protect McConico from psychological and physical injuries being inflicted by gang members and correctional officers 436 days, 7 days a week, 24 hours a day" (Doc. 8, p. 7).

Respondent has answered the Petitioner by asserting that this claim is not properly brought in a § 2254 action (Doc. 15). The Court notes that, under § 2254, the writ may be issued only if one of the following two conditions is satisfied:  the State court adjudication

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).  The Court finds that Respondent is correct:  the claim brought by McConico is not properly brought in a § 2254 action.[2]

Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner James

---

[2]The Court notes that a § 1983 action is the proper avenue for raising this type of claim.

McConico, Jr.


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in

3

this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 24th day of September, 2009.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE