```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JAMES McCONICO, JR.,            :
                                :
    Petitioner,                 :
                                :
vs.                             :    CIVIL ACTION 09-0322-CG-M
                                :
GRANTT CULLIVER,                :
                                :
    Respondent.                 :

REPORT AND RECOMMENDATION

Pending before the Court are Petitioner's Notice of Appeal (Doc. 41), the second Motion for Issuance of a Certificate of Appealability (Doc. 42) and Motion for Permission to Appeal In Forma Pauperis (Doc. 46) filed by Petitioner, James McConico, Jr.[1]  These pending matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).  Petitioner clearly recognizes that he must first obtain a certificate of appealability to appeal the District Court's final Order in a proceeding brought pursuant to 28 U.S.C. § 2254.  *See*, 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b).  However, such a certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[1] These pleadings were filed within thirty days after this Court denied Petitioner's Motion to Vacate Judgment or Motion for Relief of Judgment Pursuant to Rule 60(b) and are therefore timely filed under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

The Court previously issued an order denying Petitioner's first Motion for Certificate of Appealability which related to the Report and Recommendation that the petition be dismissed (Docs. 21,24, 26,27 and 28).  In his second Motion for Certificate of Appealability, Petitioner claims that the District Judge committed a "procedural error" because the reasons for the denial of his § 2254 petition are not set out (Doc. 42).  However, those reasons are fully set out in the Report and Recommendation and the Court's Order and Judgment adopting that Report and Recommendation (Docs. 21, 26 and 27). Petitioner has not identified any specific issue or issues that satisfy the "substantial showing of the denial of a constitutional right" requirement.  While this alone appears to be sufficient grounds for denying his second request for a certificate of appealability, the undersigned also finds, after reviewing the record as a whole, including Petitioner's § 2254 petition (Doc. 8), the Respondent's Answer (Doc. 15), the Report and Recommendation of the Magistrate Judge (Doc. 21), Petitioner's Objections to Mag/Judge's Report and Recommendation (Doc. 22), the Court's Order dated October 5, 2009, adopting the Report and Recommendation and dismissing Petitioner's petition (Docs. 26, 27), Petitioner's first Request that a Certificate of Appealability be Granted (Doc. 24), the Court's Order denying that request (Doc. 28), Petitioner's Amendment to Petitioner's Objections to Mag/Judge's Report and Recommendation (Doc. 30),

Petitioner's Motion to Alter, Amend and Vacate Judgment (Doc. 33), the Court's Order denying that motion (Doc. 34), the Eleventh Circuit's Order of Dismissal (Doc. 37), the Eleventh Circuit's Order denying Petitioner's Motion for Reconsideration (Doc. 38), Petitioner's Motion to Vacate Judgment or Motion for Relief of Judgment Pursuant to Rule 6(b) (Doc. 39), and this Court's endorsed Order denying the Motion to Vacate, that Petitioner has not made a substantial showing of the denial of a constitutional right.  Consequently, Petitioner's motion for a certificate of appealability is due to be denied.

To the extent the Petitioner seeks to proceed *in forma pauperis* on appeal, the undersigned recommends that the request be denied.  A party may not appeal *in forma pauperis* unless the district court also certifies that the appeal is taken in good faith.  28 U.S.C. § 1915(a).  The test for whether an appeal is taken in good faith is whether the Petitioner seeks appellate review of any issue that is not frivolous.  *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *Clements v. Wainwright*, 648 F.2d 979, 981 (5th Cir. 1981).  For the reasons stated in the Report and Recommendation (Doc. 21), adopted by the District Court in its Order dated October 5, 2009 (Docs. 26, 27), Petitioner's contention that his claim is cognizable under 28 U.S.C. § 2254 is without merit and plainly frivolous.  *See*, 28 U.S.C. § 1915(e)(2)(B); Fed.R.App.P. 24(a)(3).  Petitioner's request to proceed *in forma pauperis* is, therefore, due to be

denied.

In conclusion, it is recommended that Petitioner's second Motion for Issuance of a Certificate of Appealability (Doc. 42) and Motion for Permission to Appeal In Forma Pauperis (Doc. 46) be denied and that the District Judge certify in writing that Petitioner's appeal is frivolous and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Petitioner does not have the opportunity to file an objection. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 31st day of March, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE