# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES McCONICO, JR., | : | |
| Petitioner, | : | |
| vs. | : | CA 09-0322-CG-MU |
| GRANTT CULLIVER, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

James McConico, Jr., a state prisoner presently housed at a correctional facility in Union Springs, Alabama (*see* Doc. 54, at 3), has filed a motion for relief from judgment pursuant to Rule 60(b)(4) & (6) of the Federal Rules of Civil Procedure (Doc. 54). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(3) and General Local Rule 72(a)(1). It is recommended that Petitioner's motion (Doc. 54) be **DISMISSED** as untimely and, alternatively, **DENIED** because it appears to be directed to a judgment different than the one entered in this case and because his motion does not satisfy the requirements for relief under Rule 60(b)(4) or Rule 60(b)(6).

## BACKGROUND

In June of 2009, McConico filed a habeas corpus petition on this Court's § 2254 form,[1] wherein he mentioned convictions from both 1999 (for murder out of Jefferson

---

[1] Petitioner was ordered to complete and file his habeas corpus complaint on this Court's §§ 2254 form by order dated June 11, 2009 (Doc. 7), some three days after McConico's (Continued)

County, Alabama) and 1996 (for trafficking out of the Circuit Court of Conecuh County, Alabama) but went on to make clear that he was not challenging those convictions; instead, Petitioner stated his claim was that Warden Grantt Culliver had violated his Eighth Amendment rights by failing to (and refusing to) protect him from psychological and physical injuries inflicted by gang members and correctional officers. (Doc. 8, at 2 & 7.) The Magistrate Judge entered a recommendation on September 24, 2009 that McConico's habeas petition be dismissed because his claim was not properly brought in a habeas corpus action and, instead, should have been challenged in a civil rights action in accordance with 42 U.S.C. § 1983. (Doc. 21.)[2] The district court adopted the recommendation of the Magistrate Judge and entered judgment against McConico on October 5, 2009. (Doc. 27; *see also* Doc. 26 (order adopting report and recommendation)).

McConico later engaged in additional motion practice, including the filing of two motions to alter, amend or vacate judgment. (*See* Docs. 33 & 39.) Both of these motions were swiftly denied by the Court. (Docs. 34 & 40.) On March 3 and 4, 2010, McConico filed a second notice of appeal (Doc. 41), a second motion for certificate of appealability (Doc. 42), another motion to appoint counsel (Doc. 43), and, three weeks later, a motion

---

case was transferred from the Middle District of Alabama (*see* Doc. 6). In fairness to McConico, when he titled his case in the Middle District of Alabama he indicated that it was his intent to file a habeas corpus action pursuant to 28 U.S.C. § 2241 (*see id.*); the Eleventh Circuit Court of Appeals recognized McConico's intent in its Order denying his motion for certificate of appealability (*see* Doc. 53).

[2] After the recommendation was entered, McConico filed a notice of appeal (Doc. 23), a motion for certificate of appealability (Doc. 24), and a motion to appoint counsel (Doc. 25), the latter two of which were denied or mooted (*see* Docs. 28-29) one day after the District Court adopted the magistrate judge's recommendation (*see* Docs. 26 & 27).

for leave to appeal *in forma pauperis* (Doc. 46). On March 31, 2010, the magistrate judge recommended the denial of Petitioner's second motion for issuance of a certificate of appealability and motion for permission to appeal *in forma pauperis* (Doc. 47). By Order dated one day later, on April 1, 2010, the Court adopted the magistrate judge's report and recommendation, reiterating that McConico's motion for certificate of appealability and motion for leave to appeal *in forma pauperis* were due to be denied, as was petitioner's motion to appoint counsel. (Doc. 48.)

McConico filed written notice of appeal on May 6, 2010 (Doc. 51) and by order dated July 22, 2010, the Eleventh Circuit Court of Appeals denied Petitioner's motion for certificate of appealability and mooted his motions to proceed on appeal *in forma pauperis* and for appointment of counsel (Doc. 53).

> James McConico, Jr., an Alabama prisoner, moves for a certificate of appealability ("COA") in order to appeal the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus and the denial of his Fed.R.Civ.P. 60(b) motion for relief in relation to his § 2241 petition. In his § 2241 petition, McConico alleged that prison officials at Holman Prison in Atmore, Alabama, failed to protect him from psychological harassment and physical injuries caused by prison gang members, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. McConico admitted that he had been denied relief on this claim in the Montgomery County Circuit Court.
>
> In order to obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has denied a habeas petition on procedural grounds, the petitioner must show that jurists of reason would find debatable whether (1) the district court was correct in its procedural ruling, and (2) the petition stated a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).
>
> . . .
>
> As an initial matter, both § 2241 and § 2254 apply to McConico's petition because he is in custody pursuant to a state court judgment. *See*

> *Medberry,* 351 F.3d at 1058-60. The district court, however, properly found that McConico should have raised his claim, challenging prison officials' failure to protect him from prison gangs, under 42 U.S.C. § 1983, not § 2241 or § 2254, because McConico sought to challenge his conditions of confinement and was not raising any issue connected to the legality of his underlying conviction[s]. The district court did not err by failing to liberally construe McConico's petition as being raised under § 1983 because McConico already filed such a complaint in the district court raising a similar claim, and relief was denied. *See McConico v. Allen, et al.,* CM/ECF for the U.S. Dist. Ct. for S.D.Ala. Case No. 1:08-cv-00168-CG-C, doc. 19). Accordingly, the district court did not err by denying his § 2241 petition.
>
> . . .
>
> In his Rule 60(b) motion seeking relief from the denial of his § 2241 petition, McConico argued that the district court overlooked the fact that the Montgomery County Circuit Court only addressed his claim that the defendants had failed to protect him from verbal harassment. He stated that his constitutional claims raised pursuant to the Eighth and Fourteenth Amendments were not adjudicated in state court. The district court properly found that the state court's decision was not relevant to its determination that McConico's claim was not properly brought in a habeas corpus petition. Accordingly, the district court did not err by denying the Rule 60(b) motion.

(*Id.* at 3-4, 4-5 & 5.)

On March 7, 2019, McConico filed his motion for relief from judgment in accordance with Rule 60(b)(4) & (6) of the Federal Rules of Civil Procedure (*see* Doc. 54), almost nine years after the appellate court's decision (*compare id. with* Doc. 53) and more than nine years after this Court's entry of judgment on October 5, 2009 (*compare* Doc. 54 *with* Doc. 27). In his motion, McConico stakes the position that the judgment denying his petition for writ of habeas corpus directed to a 1994 murder conviction out of the Circuit Court of Conecuh County, Alabama is void because it was based upon a recommendation entered by a Magistrate Judge Armstrong which applied the AEDPA to

his case rather than the law in effect at the time of commission of the crime. (*See* Doc. 54, at 1-3.)[3]

## **LEGAL ANALYSIS**

"Rule 60(b) allows a party to request relief from a final judgment[,]" *Gilley v. Monsanto Co., Inc.,* 428 Fed.Appx. 883, 884 (11th Cir. May 31, 2011), *cert. denied,* 565 U.S. 1113, 132 S.Ct. 1026, 181 L.Ed.2d 738 (2012), and, in relevant measure, provides the following grounds for relief: "(4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b)(4) & (6). "A judgment is 'void' under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law[,]'" *Gill v. Wells,* 610 Fed.Appx. 809, 811 (11th Cir. Apr. 16, 2015), quoting *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001), and "[r]elief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances[,]'" *id.,* quoting *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984).

It is clear that Rule 60(b) motions "must be made within a reasonable time[,]" Fed.R.Civ.P. 60(c)(1), and what "constitutes a 'reasonable time' depends upon the circumstances of each case, including 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'"

---

[3] In his motion, McConico also makes passing mention of the Respondent's attorney of record, Stephanie Mormon. (*See id.* at 2.) However, no Stephanie Mormon is listed on the instant docket sheet as the attorney of record for the Respondent. (*See* Docket Sheet.) And while Stephanie Mormon is listed on another habeas corpus case in this district filed by McConico, that is, *McConico v. Jones,* Civil Action No. 01-0443-BH-M, the conviction that was the subject of that cause of action was a 1994 trafficking in cocaine conviction out of Conecuh County, Alabama for which he received a life sentence on December 4, 1995, *see id.,* at Doc. 115, at 1. If it was McConico's intent to direct his Rule 60(b) motion to the judgment entered in CA 01-0443-BH-M, any such motion would suffer from the same infirmities noted herein.

5

*Gill, supra,* 610 Fed.Appx. at 812, quoting *BUC Int'l Corp. v. International Yacht Council Ltd.,* 517 F.3d 1271, 1275 (11th Cir. 2008). The Eleventh Circuit has recognized that while "the time for filing a Rule 60(b)(4) motion 'is not constrained by reasonableness[,]'" *id.,* quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.,* 16 F.3d 1126, 1130 (11th Cir. 1994), "it is not error for a district court to deny a Rule 60(b)(4) motion where the party seeking relief 'knowingly sat on his rights,' and 'does not give an acceptable reason for this delay.'" *Id.,* quoting *Stansell v. Revolutionary Armed Forces of Columbia,* 771 F.3d 713, 736-38 (11th Cir. 2014) (other citation omitted).

Before considering McConico's motion for relief from judgment (Doc. 54) within the context of the foregoing principles, the undersigned questions the appropriateness of the motion. This is because in the motion Petitioner takes direct aim at a 1994 murder conviction out of Conecuh County, Alabama and the actions of a Magistrate Judge Armstrong, who purportedly applied AEDPA to his case as opposed to law pre-dating AEDPA (*see id.*); however, not only is there no Magistrate Judge Armstrong in this Court, the convictions mentioned by McConico in the petition filed in this case include a 1999 murder conviction out of Jefferson County, Alabama and a 1996 trafficking conviction out of Conecuh County, Alabama (*see* Doc. 21, at 1), not a 1994/1995 conviction for murder out of Conecuh County, Alabama about which he complains in his Rule 60(b) motion (*see* Doc. 54). In addition, the instant habeas corpus action involved no application of AEDPA as referenced in McConico's Rule 60(b) motion. (*See id.*) Therefore, the undersigned recommends that the motion be denied because it does not address itself to the judgment entered in this case.

Nevertheless, even if Petitioner's Rule 60(b) motion is regarded as being directed to the Court's October 5, 2009 judgment dismissing McConico's habeas corpus petition—because his claim was not properly brought in a habeas corpus action and, instead, was a claim arising under 42 U.S.C. § 1983—the motion is untimely because it has been brought more than nine years after final judgment (that is, not within a reasonable time) and is unaccompanied by any explanation for the delay (*see* Doc. 54, at 1-3). *Compare Gill, supra,* 610 Fed.Appx. at 812 (affirming denial of Rule 60(b) motion as untimely and specifically noting that "[t}o the extent Gill brought his motion under Rule 60(b)(6), he did not attempt to file it within a reasonable time[,]" and "[t]o the extent [his] motion proceeded under Rule 60(b)(4), the record demonstrates that Gill knowingly and without sufficient explanation sat on his rights.") and *McLeod v. Harrelson,* 2013 WL 2318891, *2 (M.D. Ala. May 28, 2013) (denying as untimely a Rule 60(b)(4) and (b)(6) attack on a judgment over 18 years old where Petitioner gave no reason for his lengthy delay) *with Solomon v. United States,* 300 Fed.Appx. 857, 858-59 (11th Cir. Nov. 26, 2008) ("By waiting nine years . . . Solomon failed to file his motion for relief within a reasonable time and he did not provide any explanation for the delay.") and *United States Commodity Futures Trading Comm'n v. Alcocer,* 2018 WL 3730218, *4 (S.D. Fla. June 26, 2018) (denial of motion to vacate as untimely on the basis that it was filed almost four-and-a-half years after the court entered judgment, with no explanation for the delay). Accordingly, McConico's Rule 60(b)(4) and (b)(6) motion (Doc. 54) is due to be **DISMISSED** as untimely.

Finally, even if this Court chooses to ignore McConico's delay, his motion is due to be denied because he has failed to identify any "exceptional circumstance" warranting

7

relief under Rule 60(b)(6) and he has not demonstrated that this Court, in entering the judgment of dismissal on October 5, 2009, lacked subject-matter or personal jurisdiction or otherwise acted in a manner inconsistent with due process. *Compare Gill, supra,* 610 Fed.Appx. at 813 ("[E]ven if we ignore Gill's delay, his 2014 motion was due to be denied because Gill had not shown either 'exceptional circumstances' under Rule 60(b)(6), or that the district court, in entering the dismissal order, had 'acted in a manner inconsistent with due process of law' under Rule 60(b)(4). Based on the record before us, Gill did not carry his burden to show he is entitled to relief under either Rule 60(b)(4) or Rule 60(b)(6).") *with Gilley, supra,* 428 Fed.Appx. at 885 ("Relief under Rule 60(b)(4) was not appropriate because Gilley identified no jurisdictional or other defect that would render the judgment void. . . . Finally, Gilley failed to identify an 'exceptional circumstance' warranting relief under Rule 60(b)(6).").

## CONCLUSION

The Magistrate Judge recommends that James McConico, Jr.'s motion for relief from judgment, filed pursuant to Rule 60(b)(4) and Rule 60(b)(6) (Doc. 54), be **DISMISSED** as untimely and be **DENIED** both because it appears to take aim at a judgment different than the one entered in this case and because his motion does not satisfy the requirements for relief under Rule 60(b)(4) or Rule 60(b)(6).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b);

S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of March, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**